UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

REGINA GUESS,

                Plaintiff,

    -vs-                         **No. 6:11-CV-06473(MAT)**
                                        **DECISION AND ORDER**
THE UNIVERSITY OF ROCHESTER,

                Defendant.
───────────────────────────────────────

On August 17, 2015, this Court issued a Decision and Order which granted defendant's cross-motion for summary judgment and dismissed plaintiff's complaint in its entirety with prejudice. Plaintiff's pending "motion to amend" (Doc. 62), which sought to add a state law claim of medical malpractice, was thereby terminated. Plaintiff has filed four documents with the Court which request various forms of post-judgment relief. (Docs. 97, 98, 103, 105). In these documents, plaintiff requests that the Court reconsider its decision on summary judgment, grant leave to amend, and appoint counsel for further proceedings. Defendant has filed an attorney declaration and memorandum of law in opposition to plaintiff's motion for post-judgment relief (Doc. 101), to which plaintiff replied in a document reiterating her previous arguments. (Doc. 104).

Rule 60(b) of the Federal Rules of Civil Procedure provides, in relevant part, that a court may relieve a party from a final judgment, order, or proceeding for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud

>     (whether previously called intrinsic or extrinsic),
>     misrepresentation, or other misconduct of an opposing
>     party; (4) the judgment is void; (5) the judgment has
>     been satisfied, released, or discharged; it is based on
>     an earlier judgment that has been reversed or vacated; or
>     applying it prospectively is no longer equitable; or (6)
>     any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is addressed to the "sound discretion of the district court and ... [is] generally granted only upon the showing of *exceptional* circumstances." Mendell v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990) (emphasis added), aff'd, 501 U.S. 115 (1991). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255 (2d Cir. 1995). A motion pursuant to Rule 60(b) cannot be used to relitigate the issues of the case. Sevenson Environmental Services, Inc. v. Shaw Environmental, Inc., 246 F.R.D. 151, 153 (W.D.N.Y.2007).

Plaintiff has not pointed to any controlling decisions that the Court overlooked, and has not provided any new, material evidence that could affect this Court's judgment. To the extent that plaintiff's submissions suggest that she was the victim of some sort of fraud, her motion does not "show that the conduct complained of prevented [her] from fully and fairly presenting

2

[her] case." <u>State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada</u>, 374 F.3d 158, 176 (2d Cir. 2004). Rather, the facts she relies upon relate to actions allegedly taken by employees of the defendant during the course of her employment, all of which actions she fully alleged in the underlying case and none of which, even if true, could have had any bearing on her presentation of the case.

As such, plaintiff has failed to meet the standard for this Court's reconsideration. Accordingly, plaintiff's motions to reconsider (Docs. 97, 98, 103, 105) are denied. To the extent that plaintiff requests this Court to appoint her counsel, allow her to amend her complaint, and order further discovery, those requests are denied as moot, as they concern a matter which is no longer pending before this Court.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated:   October 6, 2015
         Rochester, New York.